IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| QUEEN NOEL, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:22-cv-425 |
| ) | |
| vs. ) | |
| ) | |
| GROUND EFFECTS, LLC ) | |
| FORT WAYNE, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Queen Noel, by counsel, and as her Complaint for Damages against Defendant, Ground Effects, LLC Fort Wayne, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jamie Noel, is a resident of Allen County in the State of Indiana and an employee of Defendant.

2. Defendant, Ground Effects, LLC Fort Wayne (hereinafter referred to as "Ground Effects" or "Defendant"), is an employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. §12101, *et. sec.*, which conducts business in the State of Indiana.

3. Ms. Noel filed a Charge of Discrimination (Charge 24D-2022-00285) with the Equal Employment Opportunity Commission and/or Fort Wayne Metropolitan Human Relations Commission on or about July 19, 2022, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec.*

4. The Equal Employment Opportunity Commission issued to Ms. Noel a 90-day Right to Sue letter on September 1, 2022.

5. Ms. Noel invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, an African-American female who was pregnant and employed by Defendant beginning on or around October 18, 2021 and promoted to Team Lead.

8. On or about June 1, 2022, Plaintiff's doctor placed restrictions on the Plaintiff related to her pregnancy, and Plaintiff requested that Defendant accommodate those restrictions.

9. Plaintiff's restrictions included nutrition breaks and lifting limits which Defendant refused to honor.

10. Plaintiff's supervisor refused to accommodate Plaintiff's restrictions and on July 12, 2022 demoted Plaintiff.

11. Plaintiff was placed on bed rest on July 13, 2022 and provided Defendant with the appropriate documentation from her doctor.

12. Defendant then required Plaintiff to use her flextime and reporting her time as *no call-no show*.

13. Plaintiff was constructively discharged on or about August 2022.

**Count I**
**Title VII Race**

14. Plaintiff incorporates by reference Paragraphs one through thirteen (13) above.

15. Defendant discriminated against Ms. Noel on the basis of her race when it refused to honor her pregnancy restrictions as it had done for similarly situated non-black or African American employees, demoted her, and constructively discharged her employment.

16. Ms. Noel's race was the motivating factor in treating Ms. Noel less favorably than other employees and thereby constructively terminating her employment.

17. These actions violated Ms. Noel's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

18. As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

19. As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

20. Defendant's actions were done with malice or willful reckless disregard to Ms. Noel's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## §1981

22. Plaintiff incorporates by reference Paragraphs one (1) through twenty-one (21) above.

23. Defendants discriminated against Ms. Noel on the basis of her race when it refused to accommodate her restrictions Plaintiff and constructively terminated her employment.

24. Ms. Noel' race was the motivating factor in Defendant's refusal to honor her restrictions, to demote her, and create a work environment so hostile as to lead to her constructive discharge.

25. Ms. Noel was treated less favorably than similarly situated white and/or non-African American employees.

26. These actions were in violation of 42 U.S.C. § 1981.

27. As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

28. As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count III
### ADA

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above.

30. Defendant discriminated against Ms. Noel on the basis of her disability when it refused to accommodate her restrictions after she notified Defendant of her *at risk pregnancy*.

31. Ms. Noel's pregnancy was the reason for Defendant's treatment of her which led to the constructive discharge of her employment.

32. The work environment Ms. Noel was subjected to, her demotion, and the termination of her employment, was in violation of Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec*.

33. As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

34. As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

35. Defendant's actions were done with malice or willful reckless disregard to Ms. Noel' rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, compensatory damages, punitive damages, reasonable attorney fees, costs and all other appropriate relief.

**Count I**
**Title VII Sex**

36. Plaintiff incorporates by reference Paragraphs one through thirty-five (35) above.

37. Defendant discriminated against Ms. Noel on the basis of her sex when it refused to accommodate her restrictions as it had done for similarly situated male employees.

38. Ms. Noel's sex was the motivating factor in treating Ms. Noel less favorably than other male employees.

39. These actions violated Ms. Noel's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

40. As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

41. As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

42. Defendant's actions were done with malice or willful reckless disregard to Ms. Noel's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road, Suite B
Greenwood, IN  46142
(317) 885-0041;
(888) 308-6503 Fax