## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| QUEEN NOEL, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:22-cv-00425-HAB-SLC |
| | ) | |
| v. | ) | Hon. Holly A. Brady |
| | ) | Magistrate Judge Susan L. Collins |
| GROUND EFFECTS, LLC | ) | |
| d/b/a GROUND EFFECTS LLC | ) | |
| FORT WAYNE, | ) | |
| | ) | |
| Defendant, | ) | |

---

Paul J. Cummings, 22713-41
HENN HAWORTH CUMMINGS & PAGE
Attorneys for Plaintiff
1634 West Smith Valley Road, Suite B
Greenwood, IN 46142
(317) 885-0041

Daniel R. Rustmann (P42967)
Rebecca S. Davies (P52728), *admission pending*
BUTZEL LONG, a professional corporation
Attorneys for Defendant
201 West Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 258-1616
Rustmann@butzel.com
Davies@butzel.com
Attorneys for Defendant Ground Effects, LLC

---

## DEFENDANT GROUND EFFECTS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND RELIANCE UPON JURY DEMAND

NOW COMES Defendant, Ground Effects, LLC (incorrectly referred to as Ground Effects, LLC d/b/a GROUND EFFECTS LLC FORT WAYNE, in the Complaint and hereinafter referred to as "Ground Effects" "Defendant"), by and through its counsel, Butzel Long, a professional corporation, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Reliance on Jury Demand [Doc. #5], states as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Jamie Noel, is a resident of Allen County in the State of Indiana and an employee of Defendant.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in paragraph 1 and, on that basis, denies.**

2.  Defendant, Ground Effects, LLC d/b/a Ground Effects LLC Fort Wayne (hereinafter referred to as "Ground Effects"), is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

**ANSWER: Defendant denies that Defendant Ground Effects, LLC does business under the name Ground Effects LLC Fort Wayne but admits that Plaintiff was an employee of Defendant Ground Effects, LLC. The remaining allegations in paragraph 2 state legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.**

3.  Ms. Noel filed a Charge of Discrimination (Charge 24D-2022-00285) with the Equal Employment Opportunity Commission on or about July 19, 2022, inter alia, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER: Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission but denies that Defendant violated Title VII in any manner.**

4.      The Equal Employment Opportunity Commission issued to Ms. Noel a 90-day Right to Sue letter on September I, 2022.

**ANSWER:  Defendant admits that the Equal Employment Opportunity Commission issued a Right to Sue Letter but denies that Defendant violated Title VII in any manner.**

5.      Ms. Noel invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:    Defendant admits that this 28 U.S.C. §§ 1331 and 1343(a) provide for federal question jurisdiction but Defendant denies that Plaintiff is entitled to any recovery under any federal statute or any other statute.  In further response, Defendant affirmatively alleges that this Court is without jurisdiction and/or authority to consider factual allegations and/or legal claims that Plaintiff did not properly raise before the EEOC and therefore, did not properly exhaust her administrative remedies.**

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**ANSWER:    Defendant admits that it operates a facility located in this District but denies that it engaged in any acts or omissions that would give rise to this lawsuit and otherwise denies the remaining allegations and inferences of wrongdoing in this paragraph.**

## GENERAL FACTS & SPECIFIC ALLEGATIONS

7.      Plaintiff, an African-American female who was pregnant and employed by Defendant as a line worker in a car part manufacturing warehouse.

**ANSWER:** Defendant admits that Plaintiff is an African American female who, upon information and belief, was pregnant and was employed by Defendant but denies that Defendant is a car part manufacturing warehouse.

8. Ms. Noel's manager, Kerry Swisher, created a hostile work environment for the Plaintiff by bumping into the Plaintiff, denying Plaintiff breaks, refusing Plaintiff a glass of water, denying Plaintiff access to the restroom and generally treating her in a rude and disrespectful manner.

**ANSWER:** Denied. In further response, Defendant affirmatively alleges that it never employed an individual by the name of Kerry Swisher and that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.

9. Plaintiff raised her concerns with Defendant's corporate headquarters, but nothing was done to address her supervisor's treatment of her.

**ANSWER:** Denied. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.

10.    Defendant's actions caused Plaintiff undue stress during her pregnancy.

**ANSWER:  Denied.  In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did properly exhaust her administrative remedies.**

11.    Defendant's actions were so severe and pervasive that Plaintiff was constructively discharged on or about June 14, 2017.

**ANSWER:  Denied.  In further response, Defendant affirmatively alleges that Plaintiff was never employed by the Defendant in 2017.  Additionally, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.**

### Count I - Title VII Race

12.    Plaintiff incorporates by reference Paragraphs one through eleven (11) above.

**ANSWER:  Defendant restates its answers to the preceding paragraphs as if fully restated herein.**

13.    Defendant discriminated against Ms. Noel on the basis of her race when it created a hostile work environment for Ms. Noel.

**ANSWER:** **Denied. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.**

14.     Similarly situated white employees were treated more favorably than Plaintiff.

**ANSWER:** **Denied.**

15.     Ms. Noel's race was the motivating factor in treating Ms. Noel less favorably than other employees and thereby constructively terminating her employment.

**ANSWER:** **Denied.   In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.**

16.     These actions violated Ms. Noel's rights and were in violation of Title Vll of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

**ANSWER:** **Denied.**

17.     As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

**ANSWER:   Denied.   Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any damages.**

18.     As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

**ANSWER:   Denied.   Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any attorney fees or costs.**

19.   Defendant's actions were done with malice or willful reckless disregard to Ms. Noel's rights.

**ANSWER:   Denied.   Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any of the relief sought.**

## Count II - §1981

20.     Plaintiff incorporates by reference Paragraphs one (1) through nineteen (19) above.

**ANSWER:  Defendant restates its answers to the preceding paragraphs as if fully restated herein.**

21.     Defendants discriminated against Ms. Noel on the basis of her race when it created a hostile work environment for the Plaintiff and constructively terminated her employment.

**ANSWER:   Denied.**

22.     Ms. Noel' race was the motivating factor in Defendant's decision to terminate her employment.

**ANSWER:   Denied.   In further response, Defendant affirmatively alleges that it never terminated Plaintiff's employment.**

23.     Ms. Noel was treated less favorably than similarly situated white employees.

**ANSWER:   Denied.**

24.     These actions were in violation of 42 U.S.C. § 1981.

**ANSWER:   Denied.**

25.     As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

**ANSWER:   Denied.   Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any of the relief sought.**

26.     As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

**ANSWER:** Denied. Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any of the relief sought.

### Count III - Pregnancy

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) above.

**ANSWER:** Defendant restates its answers to the preceding paragraphs as if fully restated herein.

28. Defendant discriminated against Ms. Noel on the basis of her being pregnant.

**ANSWER:** Denied. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.

29. Ms. Noel's being pregnant was a motivating factor in Defendant's treatment of her which led to the constructive discharge of her employment.

**ANSWER:** Denied. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.

30. The hostile work environment Ms. Noel was subjected to, and the termination of her employment, was in violation of The Pregnancy Discrimination Act of 1978 and Title VII of the Civil Rights Act of 1964.

**ANSWER: Denied. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.**

31. As a result of the foregoing, Ms. Noel has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

**ANSWER: Denied. Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any of the relief sought. In further response, Defendant affirmatively alleges that Plaintiff failed to raise or plead the allegations set forth in this paragraph before the EEOC and therefore, this Court is without jurisdiction and/or authority to consider said allegations as Plaintiff did not properly raise same before the EEOC and did not properly exhaust her administrative remedies.**

32. As a result of Defendant's actions, Ms. Noel has incurred attorney fees and costs.

**ANSWER: Denied. Defendant further alleges that it has complied with all applicable laws and denies that Plaintiff is entitled to any of the relief sought.**

33.     Defendant's actions were done with malice or willful reckless disregard to Ms. Noel' rights.

**ANSWER:**     Denied.


**WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss the Amended Complaint in its entirety, and award Defendant all costs and expenses incurred in defending against this action, including interest and attorney's fees.**

Respectfully submitted,

BUTZEL LONG, a professional corporation


By:   */s/ Daniel R. Rustmann*
     Daniel R. Rustmann (P42967)
     Rebecca S. Davies (P52728), *admission pending*
     201 West Big Beaver Road, Suite 1200
     Troy, MI  48084
     (248) 258-1616
     Rustmann@butzel.com
     Davies@butzel.com
     *Attorneys for Defendant Ground Effects, LLC*

Dated:   January 18, 2023

## RELIANCE UPON JURY DEMAND

NOW COMES the Defendant Ground Effects, LLC and hereby relies upon the jury demand previously filed by Plaintiff in this matter.

Respectfully submitted,

BUTZEL LONG, a professional corporation


By:   /s/ Daniel R. Rustmann
         Daniel R. Rustmann (P42967)
         Rebecca S. Davies (P52728), *admission pending*
         201 West Big Beaver Road, Suite 1200
         Troy, MI  48084
         (248) 258-1616
         Rustmann@butzel.com
         Davies@butzel.com
         *Attorneys for Defendant Ground Effects, LLC*

Dated:   January 18, 2023

## AFFIRMATIVE AND OTHER DEFENSES

NOW COMES the Defendant Ground Effects, LLC and in further answer to the Amended Complaint filed by Plaintiff, Defendant sets forth the following affirmative and other defenses:

1.      Plaintiff's claims may be barred, in whole or in part, by applicable statute(s) of limitation or limitation period(s), contractual or otherwise.

2.      Plaintiff has failed to state a claim, in whole or in part, upon which relief may be granted.

3.      This Court is without jurisdiction and/or authority to consider factual allegations and/or legal claims that Plaintiff did not properly raise before the EEOC and therefore, did not properly exhaust her administrative remedies.

4.      Plaintiff has failed to plead and/or otherwise demonstrate that race was a but-for cause of Plaintiff's alleged injuries.

5.      Plaintiff has failed to plead and/or otherwise demonstrate that any act of race discrimination was intentional.

6.      Plaintiff was never employed by Defendant Ground Effects, LLC Fort Wayne and therefore, Defendant Ground Effects, LLC Fort Wayne is not a proper party to this lawsuit.

7.      Plaintiff has failed to plead a prima facie case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981 and/or the Pregnancy Discrimination Act of 1978.

8.      Plaintiff failed to request a reasonable accommodation at any time during her employment.

9.      Plaintiff's claims are barred, in whole or part, by Plaintiff's own actions or inactions.

10.     Plaintiff was not subjected to any unlawful discrimination by Defendant.

11.     Any actions taken by Defendant Ground Effects LLC with regard to Plaintiff were for legitimate, non-discriminatory business reasons and in accordance with applicable laws and regulations, and Plaintiff cannot establish that Defendant's legitimate, non-discriminatory business reasons were a pretext for unlawful discrimination.

12.     Plaintiff's claims in the Amended Complaint may be barred, in whole or in part, by the doctrines of equitable, collateral, and/or judicial estoppel.

13.     Plaintiff's claims in the Amended Complaint may be barred, in whole or in part, by the doctrines of laches, waiver, consent, accord, satisfaction, unclean hands, and/or Plaintiff's conduct and actions.

14.      Plaintiff's claim for damages may be barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages, her entitlement to which is expressly denied.

15.      Plaintiff's damages, if any, may be subject to set-offs.

16.      Plaintiff is not entitled to compensatory, exemplary damages, or punitive damages.

17.      Plaintiff's claims may be barred by her failure to exhaust internal and external administrative remedies.

18.      Defendant reserves the right to supplement or modify these defenses as some become known through the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss the Amended Complaint in its entirety, and award Defendant all costs and expenses incurred in defending against this action, including interest and attorney's fees.

Respectfully submitted,

BUTZEL LONG, a professional corporation


By:   /s/ Daniel R. Rustmann
     Daniel R. Rustmann (P42967)
     Rebecca S. Davies (P52728), *admission pending*
     201 West Big Beaver Road, Suite 1200
     Troy, MI  48084
     (248) 258-1616
     Rustmann@butzel.com
     Davies@butzel.com
     *Attorneys for Defendant Ground Effects, LLC*

Dated:   January 18, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, I electronically filed the foregoing Defendant Ground Effects, LLC's Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Reliance Upon Jury Demand with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By:  */s/ Daniel R. Rustmann*
    Daniel R. Rustmann (P42967)
    Rebecca S. Davies (P52728), *admission pending*
    201 West Big Beaver Road, Suite 1200
    Troy, MI 48084
    (248) 258-1616
    Rustmann@butzel.com
    Davies@butzel.com
    *Attorneys for Defendant Ground Effects, LLC*

100140245